Cleofe Torres Figueroa, Petitioner and Appellant, *v.* Félix Rivera, Warden of the Insular Penitentiary, Respondent.

No. 9959. Argued June 1, 1949.—Decided June 9, 1949.

*Benjamín Rodríguez Ramón* and *Santos P. Amadeo* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Fernando Fornaris Jr., Assistant Fiscal,* for respondent.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Cleofe Torres Figueroa filed a petition for habeas corpus in the district court, which granted the motion of the petitioner to litigate *in forma pauperis*. After a hearing on the merits, the lower court entered a judgment dismissing the petition.

The petitioner filed a notice of appeal. He also filed a motion reciting that his economic condition had not changed since the order granting his original motion to proceed *in forma pauperis*, and praying for an order requiring the court reporter to furnish him with a copy of the transcript of evidence free of charge. The lower court granted this motion and the reporter furnished the petitioner with the transcript, which has been filed in this Court. However, the government has filed a motion to dismiss the appeal on the ground that no internal revenue stamp was affixed and cancelled on the notice of appeal, as required by Act No. 17 of March 11, 1915, p. 45 (Code of Civil Procedure, 1933 ed., p. 292).

The People rely on *Vázquez* v. *Rivera,* 69 P.R.R. 883; *Padilla* v. *García,* 61 P.R.R. 710; and *Aguilú* v. *Olivieri et al.,* 33 P.R.R. 598. None of these cases is in point. We held in the *Vázquez* case that we have no juris-

diction in an appeal from a judgment dismissing a petition for habeas corpus unless the appellant either cancels an internal revenue stamp on the notice of appeal or is proceeding *in forma pauperis*. But in that case there was no contention that the petitioner was litigating *in forma pauperis*.

The *Aguilú* case involved an order of the district court which specifically restricted the permission of the court to the filing of pleadings and answer without paying court fees, but (p. 598) "no further pleadings will be so allowed, and in case the parties exercise their rights further, they will have to pay the corresponding fees." Under those circumstances, we held that, in the absence of a further order of the district court, the appeal must be dismissed because of the lack of the corresponding internal revenue stamp on the notice of appeal. But that holding is confined to its facts, and is not controlling where as here an unlimited order permitting a party to litigate *in forma pauperis* is entered.

In the *Padilla* case we interpreted § 5 of the Act of March 10, 1904. We held that § 5 "clearly requires an application to the lower court for an order requiring the stenographer to provide an indigent appellant with a copy of the transcript free of charge." (p. 712.) We pointed out that this particular Section specifically required an affidavit that *at the time he was seeking the transcript*, the petitioner was indigent and could not pay the stenographer's fees. Section 5 of the Act of 1904, with the foregoing requirement, is not involved in this case. Here the petitioner filed a motion and obtained the necessary order for the transcript, which was furnished to him and which he has filed here. This case concerns the two dollar stamp required by the Act of March 11, 1915 and interpretation of § 7 thereof, which is quite different from § 5 of the Act of 1904.

On the other hand, *Parrilla* v. *Loíza Sugar Company*, 49 P.R.R. 582, and *Rosado* v. *American Railroad Co.*, 37 P.R.R. 581, cited by the appellant, are directly in point. They hold

that an insolvent party who under § 7 of the Act of 1915 has obtained an order permitting him to sue *in forma pauperis* in a civil case has the right to file a notice of appeal without payment of the internal revenue fees prescribed by law. Since we have held in the *Vázquez* case that, for purposes of this internal revenue fee requirement, a habeas corpus proceeding is treated like an ordinary civil action, the *Parrilla* and *Rosado* cases clearly apply here. Having been granted permission by the lower court to litigate *in forma pauperis*, the petitioner was therefore not required to affix and cancel an internal revenue stamp on his notice of appeal.

The motion to dismiss the appeal will be denied.

Mr. Chief Justice De Jesús did not participate herein.